UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

UNITED STATES,                                  :
                                                :
                        Plaintiff,              :
                                                :
        v.                                      :        25-CR-224 (SFR)
                                                :
DAVID L. JOHNSON,                               :
                                                :
                        Defendant.              :
---------------------------------------------------------------- x

**ORDER**

Counsel for Defendant David L. Johnson has filed a motion for a hearing to determine Mr. Johnson's mental competency ("Motion). ECF No. 19. The Government does not oppose the Motion. On February 12, 2026, the Court ordered the parties to file a joint notice proposing an expert to conduct an examination and prepare a report pursuant to 18 U.S.C. § 4241(b) and § 4247(b)-(c). The parties have filed a joint notice pursuant to that order. ECF No. 34.

Based on the information and representations of counsel contained in the Motion, there is reasonable cause to believe Mr. Johnson may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

Accordingly, pursuant to 18 U.S.C. §§ 4241 and 4247(b), it is hereby ordered:

(1)     The Motion for a psychiatric or psychological examination and competency hearing as to Mr. Johnson is granted.

(2)     A local examination to determine Mr. Johnson's competency shall be performed.

1

(3)    The Court designates Franklin Brown, Ph.D., to conduct a psychological or psychiatric examination of Mr. Johnson for the purposes of a competency determination and to prepare a report documenting the results of the examination. The report shall be prepared in accordance with 18 U.S.C. § 4247(c) and shall include (a) Mr. Johnson's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; (d) and the examiner's opinion as to diagnosis, prognosis, and whether Mr. Johnson is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(4)    Counsel for both parties will cooperate to provide the examiner with this order, the indictment, Mr. Johnson's available medical and mental health records, and other information that will aid in the examination and preparation of the report.

(5)    Johnson shall execute and provide the examiner with any and all necessary authorizations and release forms as to his medical and mental health records.

(6)    The cost of the examination and report shall not exceed $7,500, absent further authorization from the Court, and shall be paid by the Government.

(7)    Dr. Brown shall complete the examination and submit his report to counsel for Mr. Johnson and the Assistant United States Attorney on or before May 21, 2026. Mr. Johnson's attorney shall file the report on the docket under seal.

(8)    A competency hearing shall be scheduled upon receipt of the examination report.

2

(9)     Pursuant to 18 U.S.C. § 3161(h)(1)(A), any period of delay from the filing of the Motion and resulting from proceedings and examinations conducted pursuant to this order is hereby excluded from the calculation of the deadlines set forth in 18 U.S.C. § 3161 until the matter of competency is determined by the Court in this case.

(10)    Based on the need to conduct a competency evaluation and related proceedings, the parties' collective need to explore resolutions of this matter short of trial, and defense counsel's need to review discovery and adequately prepare from trial and any pre-trial litigation, the Court finds that the ends of justice are served by continuing jury selection until August 6, 2026. Accordingly, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(1)(D), and (h)(7)(A), the Court excludes the time from the date of this order through August 6, 2026.

**SO ORDERED.**

New Haven, Connecticut
April 8, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

3